FILED
2020 Mar-27 AM 09:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DONALD LEE REAVES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No: 1:19-cv-1662-CLM-JHE |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Donald Reaves is a federal inmate. On February 28, 2020, the magistrate judge entered a Report and Recommendation that recommending that Reaves' §2241 habeas petition be dismissed with prejudice for lack of jurisdiction. (Doc. 10). Reaves filed his objections on March 11. (Doc. 12).

### Magistrate's Recommendation

The Court accepts the finds of fact and recommendations of the magistrate. Briefly, Reaves was convicted of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Reaves argues that his conviction is due to be reversed thanks to the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and

that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

The Magistrate recommended that the Court does not have jurisdiction over Reaves' §2241 habeas petition because Reaves could raise the same attack against his conviction in a §2255 motion to vacate. (Doc. 10)

**Reaves' Objections**

Reaves asserts two specific objections to the Report and Recommendation: (1) the Magistrate Judge did not address the fact that *Rehaif* announced "a new retroactive rule of *statutory* interpretation" and (2) that the Magistrate Judge did not address the fact that Reaves does not have any other avenue for relief. (*Id.*).

Neither of these arguments helps Reaves. Under *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1093 (11th Cir. 2017) (en banc), a prisoner may file a second or successive §2241 habeas petition only when a §2255 motion to the sentencing court is unavailable. There is no allegation the sentencing court was unavailable. Nor would such an allegation be well taken, as the Supreme Court has said that prisoners can file §2255 motions to claim that a subsequent change of the law means that the prisoner was convicted and/or sentenced "for an act that the law does not make criminal. " *Davis v. United States*, 417 U.S. 333, 346 (1974).

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED** for lack of jurisdiction. A separate Order will be entered.

**DONE** and **ORDERED** this 27th day of March, 2020.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE